IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. _____ |
| | ) | |
| LEONARD M. WEISMAN; | ) | |
| ROBIN MADDEN; GAY COURTER; | ) | |
| NATURAL RESOURCES GROUP, S.A.; | ) | |
| and RAILWAY MARKETING | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **COMPLAINT**

The United States of America, by and through Paul Ignatius Perez, United States Attorney for the Middle District of Florida, hereby files this complaint and alleges as follows:

1. This action is brought pursuant to 26 U.S.C. §§ 7401 and 7403 to reduce to judgment the federal tax liabilities of defendant Leonard M. Weisman for tax years 1988, 1989 and 1990; to foreclose a federal tax lien; to set aside fraudulent transfers; and to sell real property in order to collect these federal tax liabilities.

2. This Court has jurisdiction over this action pursuant to 26 U.S.C. § 7402(a) and 28 U.S.C. §§ 1340 and 1345.

3.  This civil action is authorized and sanctioned by the Chief Counsel, Internal Revenue Service, a duly authorized delegate of the Secretary of the Treasury, and has been commenced at the direction of the Attorney General of the United States.

4.  This Court is a proper venue for adjudicating this civil action pursuant to 28 U.S.C. §§ 1391(b) and 1396. Defendant Weisman resides in Citrus County, Florida, and the real property subject to foreclosure is located there, within the Middle District of Florida, Tampa Division.

### Subject Property

5.  The United States seeks to foreclose its federal tax lien against the parcel of real property located at One Weisman Court, Crystal River, Florida, 32529, or at 10330 Weisman Court, Crystal River, Florida, which bears the following legal description:

> That part of the North 377 feet of the E 1/2 of the NW 1/4 of Section 29 Township 18 South, Range 17 East. lying East of State Road No. 44, and the North 377 feet of the West 391.81 feet of Government Lot 1 Section 29 Township 18 South Range 17 East. Subject to an easement across the North 60 feet thereof for road right-of-way containing 14.53 acres more or less and
>
> That part of the South 377.00 feet of the North 754.00 feet Government Lot 1, Section 29 Township 18 South Range 18 East lying North of a canal.
>
> Subject to covenants, restrictions and liens of record.
> Subject to lien of taxes for 1990 and subsequent.

(Hereinafter "One Weisman Court" or the "Subject Property.")

## Parties

6. Defendant Leonard A. Weisman resides at One Weisman Court, Crystal River, Florida, 34429, or at 10330 Weisman Court, Crystal River, Florida, 34429 within the jurisdiction of this Court.

7. Defendant Gay Courter is a daughter of defendant Weisman. Courter resides at 121 N.W. Crystal Street, Crystal River, Florida 34429. Courter is made a defendant to this action because she may claim a lien upon or an ownership interest in the Subject Property.

8. Defendant Robin Madden is a daughter of defendant Weisman. Madden resides at 4272 Buckskin Lake Drive, Ellicott City, Maryland 21042. Madden is made a defendant to this action because she may claim a lien upon or an ownership interest in the Subject Property, and because she received assets fraudulently transferred to her by defendant Weisman.

9. Defendant Natural Resources Group, S.A. ("NRG SA"), is allegedly a Panamanian corporation operating in Belgium. NRG SA's mailing address is the 10330 Weisman Court, Crystal River, Florida 34429, within the jurisdiction of this Court. NRG SA is made a defendant in this action because it may claim a lien upon or an ownership interest in the Subject Property.

10. Defendant Railway Marketing Corporation ("Railway Marketing") is a Delaware Corporation that has been inactive in the State of Florida since December 14, 1982. Defendants Weisman, Madden and other family members of defendant Weisman are, or previously were, the corporate officers of Railway Marketing. Railway Marketing is made a

defendant in this action because it may claim a lien upon or an ownership interest in the Subject Property.

## COUNT I

### Judgment for Federal Tax Liabilities

11. Defendant Weisman and his wife, Elsie Weisman, filed joint federal income tax returns for the 1988, 1989 and 1990 tax years and paid the taxes that were reported on the returns.

12. The Internal Revenue Service began an examination of Mr. and Mrs. Weisman's income tax returns for the 1988, 1989 and 1990 tax years on July 5, 1990, November 8, 1990, and July 9, 1992, respectively.

13. Mrs. Weisman died on October 4, 1996.

14. On or about June 25, 1997, the Internal Revenue Service issued a notice of deficiency to Mr. and Mrs. Weisman for the 1988 through 1990 tax years.

15. On September 24, 1997, defendant Weisman, individually and as the personal representative of Elsie Weisman's estate, filed a petition with the United States Tax Court to contest the income tax deficiencies and penalties set forth in the June 25, 1997, notice of deficiency. The case was styled *Estate of Elsie Weisman, Deceased, Leonard Weisman, Personal Representative, and Leonard Weisman v. Commissioner of Internal Revenue*, Docket No. 19440-97.

16.     On October 26, 1998, Weisman and the Internal Revenue Service filed a Stipulation of Settled Issues with the Tax Court. On December 31, 1998, the Tax Court entered a Stipulated Decision.

17.     On March 11, 1999, after the Stipulated Decision became final, and consistent with that decision, the Internal Revenue Service assessed the following income tax deficiencies, plus interest allowed by law:

| Tax Year | Tax Deficiency |
|---|---|
| 1988 | $67,954 |
| 1989 | $80,277 |
| 1990 | $144,685 |

18.     Despite notice of assessment and demand for payment, defendant Weisman has refused or neglected to pay in full his federal tax liabilities for tax years 1988 through 1990.

19.     As of February 28, 2006, defendant Weisman's income tax liability for the 1988 through 1990 tax years totaled $909,573, and interest has continued to accrue upon the unpaid balance.

*(the remainder of this page is blank)*

## COUNT II

### Foreclosure of Federal Tax Liens, Recovery of Fraudulently Transferred Assets, Sale of Subject Property

20. Pursuant to 26 U.S.C. §§ 6321 and 6322, liens in favor of the United States have arisen, as of the date of the unpaid assessments for federal income taxes, against all property and rights to property of defendant Weisman, including the Subject Property.

21. On or about July 7, 1999, pursuant to 26 U.S.C. § 6323(f), a delegate of the Secretary of the Treasury caused to be recorded in the records of Citrus County, Florida, a Notice of Federal Tax Lien with respect to defendant Weisman's tax liabilities for the 1988 through 1990 tax years.

22. In the alternative, and as set forth below, defendant Weisman's transfers of interests in the Subject Property were fraudulent, and must be set aside as void, so that the federal tax liens may be foreclosed.

23. **Transfer of One Weisman Court to Defendants Courter and Madden**. On June 25, 1997, defendant Weisman, as personal representative of Mrs. Weisman's estate, transferred Mrs. Weisman's one-half interest in One Weisman Court to his daughters, defendants Courter and Madden.

24. Defendant Weisman's federal tax liabilities with respect to the 1988 through 1990 tax years had arisen prior to the transfer of the one-half interest in One Weisman Court to defendants Courter and Madden.

-6-

25. The transfer of defendant Weisman's one-half interest in One Weisman Court to defendants Courter and Madden occurred close in time to the issuance by the Internal Revenue Service of a notice of deficiency with respect to Mr. and Mrs. Weisman's federal tax liabilities for the 1988 through 1990 tax years.

26. Defendant Weisman did not disclaim his interest in Mrs. Weisman's one-half interest in One Weisman Court in accordance with Florida law.

27. Defendant Weisman received no consideration for the transfer of the one-half interest in One Weisman Court to defendants Courter and Madden.

28. Defendant Weisman did not receive reasonably equivalent value in exchange for the transfer of the one-half interest in One Weisman Court to defendants Courter and Madden.

29. Defendant Weisman's transfer of the one-half interest in One Weisman Court to defendants Courter and Madden constituted a transfer to "insiders," for purposes of Fla. Stat. § 726.105.

30. Defendant Weisman's transfer of the one-half interest in One Weisman Court to defendants Courter and Madden was a fraudulent transfer that may be set aside as null and void, pursuant to Fla. Stat. §§ 726.105, 726.106.

31. **Transfer of Mortgage Lien to NRG SA**. Defendant Weisman purportedly borrowed $1,936,433 from defendant NRG SA, and provided a mortgage lien on One Weisman Court as collateral for the loan. The promissory note and mortgage with respect to

the purported loan were recorded in the public records of Citrus County, Florida, on June 18, 1999.

32. Defendant Weisman's federal tax liabilities with respect to the 1988 through 1990 tax years had arisen prior to his transfer of the mortgage lien to NRG SA.

33. The recording of the mortgage lien respect to the purported loan from defendant NRG SA to defendant Weisman occurred on the same day that a settlement officer with the Internal Revenue Service verbally sustained the IRS Collection Division's filing of a Notice of Federal Tax Lien with respect to defendant Weisman's tax liabilities for the 1988 through 1990 tax years.

34. Defendant Weisman held an ownership interest in NRG SA at the time of the transfer of the mortgage lien.

35. Defendant Weisman did not receive adequate consideration in exchange for the mortgage lien provided to defendant NRG SA.

36. Defendant Weisman did not receive reasonably equivalent value in exchange for the mortgage lien provided to NRG SA.

37. The transfer of the mortgage lien to NRG SA constituted an obligation fraudulently incurred by Defendant Weisman, and that may be set aside as null and void, pursuant to Fla. Stat. §§ 726.105, 726.106.

38. **Transfer of Mortgage Lien to Railway Marketing**. Defendant Weisman purportedly borrowed $245,000 from Railway Marketing, and provided a mortgage lien on

One Weisman Court as collateral for the loan. The mortgage with respect to the purported loan was recorded in the public records of Citrus County, Florida, on January 11, 1999.

39. Defendant Weisman's federal tax liabilities with respect to the 1988 through 1990 tax years had arisen prior to the transfer of the mortgage lien to Railway Marketing.

40. The recording of the mortgage lien with respect to the purported loan by defendant Railway Marketing to defendant Weisman occurred within one month after the filing of a Stipulation of Settled Issues in the Tax Court in the action styled *Estate of Elsie Weisman, Deceased, Leonard Weisman, Personal Representative, and Leonard Weisman v. Commissioner of Internal Revenue*, Docket No. 19440-97.

41. Defendant Weisman held an ownership interest in Railway Marketing at the time of the transfer of the mortgage lien.

42. Weisman did not receive adequate consideration for the mortgage lien provided to Railway Marketing.

43. Defendant Weisman did not receive reasonably equivalent value in exchange for the mortgage lien provided to Railway Marketing.

44. The transfer of the mortgage lien to Railway Marketing constituted an obligation that was fraudulently incurred by defendant Weisman, and that may be set aside as null and void, pursuant to Fla. Stat. §§ 726.105, 726.106.

45. **Transfer of $538,500 to Robin Madden**. On or about October 16, 1995, defendant Weisman paid $538,500 to Barnett Bank. This payment was purportedly a loan to defendant Madden for the purchase of a personal residence.

46. Defendant Weisman's federal tax liabilities with respect to the 1988 through 1990 tax years had arisen prior to the transfer of $538,500 to defendant Madden.

47. The purported loan from defendant Weisman to defendant Madden was an interest only, self-canceling installment note.

48. Defendant Madden's obligation to repay the purported loan to defendant Weisman, if any obligation exists, ends upon the death of defendant Weisman.

49. Defendant Weisman did not receive adequate consideration for the transfer of $538,500 to defendant Madden.

50. Defendant Weisman did not receive reasonably equivalent value for the transfer of $538,500 to defendant Madden.

51. Defendant Weisman's transfer of $538,500 to defendant Madden was a transfer to an "insider" for purposes of Fla. Stat. § 726.105.

52. Defendant Weisman's transfer of $538,500 was a fraudulent transfer that may be set aside as null and void, pursuant to Fla. Stat. §§ 726.105, 726.106.

*(the remainder of this page is blank)*

WHEREFORE, the United States prays for judgment as follows:

(A)     That judgment be entered in favor of the United States and against defendant Weisman in the sum of $909,573 through February 28, 2006, plus interest and statutory additions from that date through the date of payment, for the 1988, 1989 and 1990 federal income tax liabilities;

(B)     That any title or lien interest held by defendants Madden, Courter, NRG SA, and/or Railway Marketing in the Subject Property identified in this Complaint be declared void, and title in the Subject Property be re-vested, if necessary, in defendant Weisman;

(C)     That the federal tax lien against defendant Weisman be foreclosed on the Subject Property identified in this Complaint, and that the Subject Property be sold, free and clear of any right, claim or interest of all parties to this action, and that the proceeds otherwise due to defendant Weisman be distributed to the United States until his outstanding liabilities for the 1988, 1989 and 1990 federal income tax liabilities are satisfied in full;

(D)     That the Court enter judgment against defendant Madden and in favor of the United States in the amount of $538,500, plus statutory interest from October 16, 1995 through the date of payment to the United States.

(E)     That this Court grant the United States such other and further relief as the Court deems proper.

PAUL IGNATIUS PEREZ
United States Attorney

_____
FRANK M. DALE JR.
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 14198
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-5901
Facsimile: (202) 514-9868
Frank.M.Dale@usdoj.gov